## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lawrence Woodard, # 052606-084, | ) | Civil Action No. 4:20-1570-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden, Edgefield FCI, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Petitioner's 28 U.S.C. § 2241 petition for a writ of habeas corpus be denied. (Dkt. No. 21.) For the reasons set forth below, the R & R is adopted as the order of the Court and the § 2241 petition is denied without prejudice.

## I.    Background

In 1997, Petitioner Lawrence Woodard was sentenced for convictions under 21 U.S.C. §§ 841(B)(1)(B) and 846. (ECF No. 1). The Fourth Circuit Court of Appeals affirmed the judgment in 1999 and a § 2255 motion was denied in 2000. In 2016, Petitioner was granted a successive § 2255 petition, which was denied in 2018. That court order noted that Petitioner was sentenced as a career offender pursuant to U.S. Sentencing Guidelines § 4B1.1(1995) (mandatory pre-*Booker* guidelines). *U.S. v. Woodward*, No. 7:96-cr-0109-JLK (W.D. Va. Aug. 30, 2018) (ECF No. 119). Petitioner now seeks habeas corpus relief pursuant to § 2241, making one argument regarding *Beckles*, *Johnson*, and *Booker* and a second argument regarding his North Carolina predicate offense under N.C. Gen. Stat. § 14-32(b).

## II.    <u>Legal Standard</u>

The Magistrate Judge makes only a recommendation that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where there are specific objections to the R & R, the Court "makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*  Where a petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III.    <u>Discussion</u>

The Magistrate Judge correctly concluded that Petitioner's § 2241 petition is subject to dismissal.  "[I]t is well established that defendants convicted in federal court are obligated to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).  A petitioner may nonetheless proceed under § 2241 if § 2255 is "inadequate or ineffective to test the legality of [his] detention." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2010). To demonstrate that a § 2255 petition would be inadequate or ineffective, the petitioner must establish that:

> (1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018).

Petitioner cannot satisfy the *Wheeler* standard here.  First, although Petitioner's § 2255 petition was denied, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision[.]" *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).  Second, Petitioner argues that *Beckles* left open whether *Johnson* extends to those sentenced under the pre-*Booker* mandatory sentencing guidelines (Dkt. No. 2 at 3); however, as the Magistrate Judge analyzed, a substantive right is not extrapolated from *Booker*, *Johnson* and *Beckles* read together. *United States v. Brown*, 868 F.3d 297, 300-03 (4th Cir. 2017).  Petitioner also argues that the Court of Appeals for the Fourth Circuit has found that the crime of assault with a deadly weapon and inflicting serious injury under N.C. Gen. Stat. § 14-32(B) no longer qualifies as a crime of violence under the U.S. Sentencing Guidelines.  As the Magistrate Judge discussed, the Fourth Circuit has not made that finding, nor is that court's holding a substantive change in law retroactively applicable to Petitioner's predicate conviction. *see United States v. Vinson*, 794 F.3d 418, 430-32 (4th Cir. 2015) (discussing a different statute, N.C. Gen. Stat. § 14-33(c)(2)).  Nor is the opinion from the District Court for the Eastern District of North Carolina on which Petitioner relies, *United States v.* Jones, 2015 WL 4133747 (E.D.N.C. July 8, 2015) a change in binding law here.  Petitioner, therefore, cannot demonstrate a substantive change in law that is retroactively applicable on collateral review.

After careful consideration of the petition, the R & R, and Petitioner's objections, the Court finds that Petitioner has not satisfied the *Wheeler* standard and, therefore, that his § 2241 petition "must be dismissed for lack of jurisdiction." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir 2010).

**IV.**     <u>**Conclusion**</u>

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 21) as the order of the

Court and **DISMISSES WITHOUT PREJUDIECE** Petitioner's § 2241 petition (Dkt. No. 1).

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

May 27, 2020
Charleston, South Carolina